IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BILAL WASHINGTON, )
) Civil Action No. 3:16-cv-00123
Plaintiff, )
)  United States District Judge
) Kim R. Gibson
v. ) United States Magistrate Judge
) Cynthia Reed Eddy
PENNY LUCUS, *et al.*, )
Defendants. )

# REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the pending Motion to Dismiss (ECF No. 22) filed by Defendants be granted.

**II.    REPORT**

   **A.    Factual and Procedural Background**

Plaintiff, Bilal Washington, is a state prisoner currently incarcerated at the State Correctional Institution (SCI) at Somerset. Named as defendants are the following DOC Culinary Staff members: Penny Lucus,[1] Tom Russknot, and Kimberly Walker.

Plaintiff filed his original complaint on July 6, 2016, to which the Defendants filed a motion for more definite statement. In response to the motion, Plaintiff filed an amended complaint (ECF No. 20), which remains the operative pleading from Plaintiff. Defendants filed a motion to dismiss and brief in support thereof and Plaintiff has filed a response. (ECF Nos. 22-25). All of Plaintiff's claims arise from his work in the prison kitchen.

According to the amended complaint, Ms. Lucus was Plaintiff's supervisor at his kitchen job. On January 10, 2016, she came into the restroom while he was urinating, then exited and

---
[1] Defendants assert that the correct spelling of Officer Lucus' name is Lucas.

1

stood by the restroom door waiting for him to finish. When he left the restroom, she ordered him to leave work and go back to the unit, causing him to lose a day's pay. He alleges this action violated his right to privacy and caused him emotional anguish. (ECF No. 20, ¶ 1).

Mr. Russknot a member of the Culinary Staff, harassed Plaintiff for "trivial non-existing things, that I was accused of doing like the restroom incident with Ms. P. Lucus; which I did not do." He also asserts that on February 2, 2016, Mr. Russknot sent him back to his unit because food trays on the line he was serving dropped to the floor, which was not his fault. *Id.* ¶ 2.

Ms. Walker, also a supervisor at his kitchen job, instructed him to serve small pizza slices which caused the inmates to complain to Plaintiff. Plaintiff told the inmates that he was instructed to serve small slices and that they could complain to Ms. Walker. Ms. Walker became angry and fired him from his prison job. *Id.* ¶ 3. He also alleges that from February 28, 2014 to February 20, 2016, Ms. Walker sexually harassed him by: "rubbing her body on me, getting in front of me bending over, grabbing me for attention, suggestions on how long it would take to have sex with her, in her words 10 minutes. Telling me to meet her in cooler." *Id.* ¶¶. 3, 4.

Plaintiff alleges that all of the above constituted cruel and unusual punishment, which the Court will interrupt as an Eighth Amendment violation. He also asserts state law tort claims for invasion of privacy and official oppression. He does not allege that he suffered any physical injury; however, he alleges mental anguish and emotional injuries.

### B. Standard of Review

#### 1. Pro Se Litigants

*Pro se* pleadings are held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally,

*Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In other words, if the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir.1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

2. Motion to Dismiss Pursuant to Rule 12(b)(6)

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**C.  Discussion**

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color or state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the constitution of laws of the United States. *Luger v. Edmundson Oil Co.,* Inc., 457 U.S. 922, 930 (1982). "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission or a sexual act." 42 U.S.C. § 1997e(e).

1. Verbal Threats and Harassment

Plaintiff alleges that Mr. Russknot harassed him about "trivial non-existing things" and Ms. Walker made sexually suggestive statements to him.  Assuming these claims are true, it is

4

well-settled that the use of words, no matter how violent, is not actionable under 42 U.S.C. § 1983. *Hawkins v. Brooks*, 694 F.Supp. 2d 434 (W.D. Pa. 2010). *See also, Lewis v. Wetzel*, 153 F.Supp 2d 678 (M.D. Pa. 2015); *Wright v. O'Hara*, 2004 WL 1793018 at *7 (E.D. Pa. Aug. 11, 2004) ("[w]here plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit") (citations omitted); *MacLean v. Secor*, 876 F.Supp. 695, 698–99 (E.D. Pa.1995) ("[i]t is well-established that verbal harassment or threats will not, without some reinforcing act accompanying them, state a constitutional claim"); *Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment is insufficient to state a constitutional deprivation) (listing cases). Accordingly, it is recommended that Defendants' Motion to Dismiss Plaintiff's claims of verbal threats and harassment be granted.

2. Sexual Harassment

The United States Court of Appeals for the Third Circuit has not specifically addressed the circumstances under which a correctional officer can be held liable for the sexual harassment of an inmate; however, other circuits have addressed this issue. "To prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas v. Vault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Although sexual abuse of a prisoner by a correctional officer serves no legitimate penological purpose, Courts of Appeals have held that sexual harassment in the absence of contact or touching does not establish an Eighth Amendment violation. *See, e.g., Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Verbal harassment, including lewd comments, sexual propositioning, and the like, is not sufficient to satisfy the objective element of an Eighth Amendment sexual harassment claim. *Manon v. Garrison*, 2012 WL 3542328 (M.D. Pa. Aug.

5

15, 2012). Rather, physical sexual assault or threats of physical assault is required for the objective element to be met. *Chambliss v. Jones*, 2015 WL 328064 (M.D. Pa. Jan. 26, 2015). Other courts in this circuit have indicated that an inmate can only state an Eighth Amendment claim against a correctional officer for sexual harassment by alleging severe or repetitive sexual abuse. *See*, *e.g.*, *Miller v. Coning*, 2011 WL 2708649 (D. Del. Jan. 12, 2011); *Harris v. Zappan*, 1999 WL 360203 (E.D. Pa. May 28, 1999). Under this standard, "a single isolated incident of sexual harassment that is not in and of itself severe" cannot support a cognizable Eighth Amendment claim. *Robinson v. Danberg*, 729 F.Supp.2d 666 (D. Del. 2010) ((citing *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997) (bumping and pressing whole body against inmate not sufficiently serious to satisfy objective component) and *Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (grabbing buttocks not sufficiently serious to satisfy objective component)); *Baylor v. Pennsylvania Department of* Corrections, 2013 WL 5177573 (M.D. Pa. Sept. 13, 2013) ((citing *Jackson v. Madery*, 158 Fed. Appx. 656, 661-62 (6th Cir. 2005)(allegation of rubbing and grabbing of buttocks in degrading manner not sufficiently serious) and *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (asking inmate to have sex and masturbating in front of inmate not sufficiently serious)); *Jones v. Culinary Manager II*, 30 F. Supp.2d 491, 497 (E.D. Pa. 1998)(grinding on buttocks with penis while threatening to have sex with inmate not sufficiently serious).

In addition, the PLRA itself provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 USC § 1997e(e). A "sexual act" is defined as:

> (A) contact between the penis and vulva or the penis and the anus,
> for the purposes of this subparagraph contact involving the penis

occurs upon penetration, however slight;
(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
(C) the penetration, however slight, of the anal or genital opening of another by the hand or finger or by any person; or
(D) the intentional touching, not through the clothing of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any other person.

Plaintiff has alleged that Ms. Walker sexually harassed him by: "rubbing her body on me, getting in front of me bending over, grabbing me for attention, suggestions on how long it would take to have sex with her, in her words 10 minutes. Telling me to meet her in cooler." (ECF No. 20¶¶. 3, 4). Based on the authority cited above, the factual allegations contained in the complaint do not rise to the level of an Eighth Amendment violation. Accordingly, it is recommended that Defendants' Motion to Dismiss Plaintiff's claims of sexual harassment be granted.

### 3. Loss of Prison Job and Pay

Inmates do not have a liberty interest or a property interest in their prison jobs that would give rise to Due Process Clause protection. *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989). Furthermore, the loss of a prison job does not violate the Eighth Amendment right to be free from cruel and unusual punishment. The Eighth Amendment imposes upon prison officials a duty to provide humane conditions of confinement. "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." *Betts v. New Castle Youth Dev. Ctr.*, 621 F. 249, 256 (3d Cir. 2010). "[A] prison job is not one of life's necessities." *Watson v. Varner*, 567 Fed. Appx. 75, 58 (3d Cir. 2014).

Plaintiff alleges that Ms. Lucas sent him to his cell, causing him to lose a day of pay. Mr.

7

Russknot also sent him to his cell one day when he was at work, presumably also causing him to lose a day of pay. He also asserts that Ms. Walker issued him a misconduct for his actions while serving pizza, which caused him to lose his kitchen job. As Plaintiff has not stated a cognizable due process claim or a cognizable Eighth Amendment claim, it is recommended that Defendants' Motion to Dismiss Plaintiff's claims related to his prison job be granted.

    4. Invasion of Privacy

It isn't clear from the complaint whether Plaintiff's claim of "invasion of privacy" is alleging a Fourth Amendment violation or a state tort claim. To the extent he is claiming a Fourth Amendment violation, the United States Constitution "does not mention an explicit right to privacy and the United States Supreme Court has never proclaimed that such a generalized right exists." *Doe v. Luzerne County*, 660 F.3d 169, 175 (3d Cir.2011). "Given the realities of institutional confinement, any reasonable expectation of privacy that a detainee retains is of a diminished scope*.*" *Bell v. Wolfish*, 551 U.S. 520, 557 (1979).

The United States Supreme Court in *Hudson v. Palmer*, 468 U.S. 517, 527 (1984), established that inmates have no privacy rights in their cells. It has been similarly recognized that incarceration brings about a diminishment of an individual's reasonable expectation of privacy because of penological and security interests. *Doe v. Delie,* 257 F.3d 309, 316–17 (3d Cir. 2001); *Davis v. Butcher*, 853 F.2d 718, 720 (9th Cir. 1988). Further, institutional security requires that prison officials be able to monitor the activities of prisoners. For example, in *Miller v. Spaulding*, 2015 WL 2357115 (M.D. Pa. May 15, 2015), the court held that requiring prisons to create an area within each individual cell, to provide inmates privacy for the toilet area, which could not be visually monitored by correctional staff would clearly pose an obvious threat to security and the safety of both prison staff and prisoners.

Plaintiff alleges that on one occasion, Lucus came into the restroom while he was urinating, then exited and stood by the restroom door waiting for him to finish. The facts, as alleged do not rise to the level of a Fourth Amendment violation. Further, to the extent Plaintiff is asserting a state tort claim for invasion of privacy; sovereign immunity applies to Commonwealth employees for the intentional tort of invasion of privacy. *Tarapchak v. Schuylkill County*, 2014 WL 4626701 (M.D. Pa. Sept. 15, 2014). Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's claim of invasion of privacy be granted.

5. Official Oppression

Plaintiff has asserted a state law claim for official oppression. To the extent he is asserting a claim based upon the Pennsylvania criminal misdemeanor of official oppression, 18 Pa.Cons.Stat. § 5301, there is no private cause of action for damages under the statute. *Anderson v. Dauphin County Adult Probation*, 2016 WL 769278 (M.D. Pa. Jan. 25, 2016). Further, to the extent he is asserting a state tort claim, sovereign immunity applies to Commonwealth employees for the intentional tort of invasion of privacy. *Tarapchak*, *supra*. Therefore, it is recommended that Defendants' Motion to Dismiss Plaintiff's claim of official oppression be granted.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 22) be **granted**.

If a civil rights complaint is subject to 12(b)(6) dismissal, a district must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker,* 363 F.3d 299, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id.*

For the reasons discussed *supra,* it is recommended that Plaintiff not be granted leave to amend his Amended Complaint, as it would be futile.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file objections to this Report and Recommendation by March 20, 2017 and Defendants, because they are electronically registered parties, may file objections by March 15, 2017. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

    s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: March 1, 2017

cc:    BILAL WASHINGTON
DN-6273
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510
(via U.S. First Class Mail)

Mary Lynch Friedline
Office of Attorney General
(via ECF electronic notification)

Timothy Mazzocca
Office of Attorney General
(via ECF electronic notification)